UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LESLIE ANNE INGALSBE,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>Defendant. | CAUSE NO.: 3:24-CV-872-TLS |

**OPINION AND ORDER**

The Plaintiff Leslie Anne Ingalsbe seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The Plaintiff argues that the Administrative Law Judge (ALJ) failed to consider a medical opinion of her treating neurologist and failed to properly consider evidence supporting listings at step three of the sequential analysis. For the reasons set forth below, the Court finds that that there is no basis to remand for further review.

**PROCEDURAL BACKGROUND**

On January 9, 2023, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on June 4, 2022. AR 225–231, ECF No. 5. After the claims were denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on February 22, 2024. AR 108–32, 134–37, 138, 191. On April 26, 2024, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 10–25. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1, 32. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42

U.S.C. § 405(g). On October 24, 2024, the Plaintiff filed her Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, and the Commissioner filed a response brief. ECF Nos. 12, 18. The Plaintiff did not file a reply brief, and the time to do so has passed.

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since June 4, 2022, the alleged onset date. AR 13.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of multiple sclerosis, asthma, cervical and lumbar spondylosis, diabetes with polyneuropathy, fibromyalgia, anxiety, and depression. AR 13.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.15, 1.16, 1.18, 3.02, 3.03, 9.00, 11.14, 11.09, 14.09, 12.04, and 12.06. AR 13–15.

When a claimant's impairments do not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. §§ 404.1520(e), 416.920. In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance, as defined in the Selected Characteristics of Occupations in the Dictionary of Occupational Titles; occasionally stoop, kneel, or crouch; and never crawl. The claimant must avoid concentrated exposure to hazards, such as unprotected heights and unguarded moving mechanical parts, and she must avoid concentrated exposure to dusts, odors, fumes, and other pulmonary irritants, as defined in the Selected Characteristics of Occupations in the Dictionary of Occupational Titles. The claimant can understand, remember, and carry out simple instructions and tasks, she cannot perform work requiring a specific production rate, such as assembly line work or work that requires hourly quotas, she can deal with occasional changes in a routine work setting, and she can have frequent interactions with coworkers, supervisors, and the public.

AR 17.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work under 20 C.F.R. § 404.1565. AR 23.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of lens inserter, ink printer, or final assembler. AR 24. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. § 404.1512.

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff asserts two bases for reversal and remand. First, she argues that the ALJ erred at step three by failing to address the medical opinion of treating neurologist Dr. Nancy Frappier, resulting in a faulty listing analysis and RFC determination. Second, the Plaintiff argues that the ALJ erred in evaluating her spinal impairments under Listings 1.15 and 1.16. The Court addresses each in turn.[1]

---

[1] In the introduction to her analysis, the Plaintiff asserts that she "has a complex set of medical issue[sic] that need more expert evaluation than the ALJ could provide" and that the ALJ's finding that the Plaintiff could perform a restricted range of sedentary work "fails to account for the significant symptoms that would not allow plaintiff to attend work on a daily basis or stay on task due to chronic pain, fatigue, and

5

A.     **Medical Opinion of Treating Neurologist**

The Plaintiff contends that the ALJ failed to evaluate the medical opinion provided by her treating neurologist, Dr. Nancy Frappier. *See* AR 444. However, as argued by the Defendant, the January 2023 "letter in support of disability" cited by the Plaintiff is not a medical opinion under the Social Security Administration regulations. "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities," which includes specific physical, mental, and other abilities demanded of work. 20 C.F.R. § 404.1513(a)(2).

Dr. Frappier's one-page letter identifies the Plaintiff's diagnoses and outlines her medical history, including her treatment modalities and symptoms. AR 444. Some of these symptoms included weakness, unsteadiness, pain, fatigue, and attention deficits with short-term memory impairment and reduced concentration and attention. Dr. Frappier concluded the letter by opining that, due to the Plaintiff's "multitude of medical issues . . . she is unable to obtain and maintain gainful employment." *Id.* However, Dr. Frappier did not provide a statement about what the Plaintiff could do despite her impairments as required to constitute a "medical opinion" under the regulations.

Moreover, the ALJ did not ignore Dr. Frappier's letter as suggested by the Plaintiff. The ALJ specifically referenced the letter as Exhibit B4F in the administrative record and found that it constituted evidence providing an opinion on whether the Plaintiff is unable to work or disabled, which is an issue reserved to the Commissioner. *See* AR 22 (citing 20 C.F.R. § 404.1520b(c)). The regulations provide: "Because the evidence . . . is neither valuable nor

---

memory deficits that would not allow her to focus and concentrate." Pl. Br. 19–20, ECF No. 12. However, because the Plaintiff provides no analysis in support of these arguments, the Court finds them waived. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived.").

persuasive on the issue of whether you are disabled . . . under the Act, we will not provide any analysis about how we considered . . . [s]tatements on issues reserved to the Commissioner," including "[s]tatements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work." 20 C.F.R. § 404.1420b(c)(3)(i). The ALJ did not err in disregarding Dr. Frappier's assertion that the Plaintiff's medical issues precluded her from obtaining and maintaining gainful employment.

While it is the ALJ's responsibility to determine a claimant's RFC, 20 C.F.R. §§ 404.1520(e), (f), 404.1546(c), 404.1545, the claimant has the burden of production and persuasion through step four of the sequential analysis, including the RFC. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. Feb. 11, 2025) ("[A]s we have underscored time and again, a claimant bears the burden of proving their disability."). The Plaintiff has not identified any deficiencies with the ALJ's detailed analysis of the medical evidence of record she relied on in formulating the RFC. *See Brumbaugh v. Saul*, 850 F. App'x 973, 977 (7th Cir. 2021) ("[T]he 'logical bridge' language in our case law is descriptive but does not alter the applicable substantial-evidence standard."); *Warnell v. O'Malley*, 97 F.4th 1050, 1053–54 (7th Cir. 2024) (explaining that the "logical bridge" language does not impose any requirements on the ALJ beyond the "most minimal" of articulation); 20 C.F.R. § 404.1520c; *see also Sansone v. Brennan*, 917 F.3d 975, 983 (7th Cir. 2019) ("Forfeiture occurs when a party fails to make an argument because of accident or neglect.").

Finally, the Plaintiff has not identified any additional limitations supported by the record that should have been included in the RFC. *Jozefyk*, 923 F.3d at 498 (finding that "even if the ALJ's RFC assessment was flawed, any error was harmless" because it was "unclear what kinds of work restrictions might address [the claimant's] limitations . . . because he hypothesizes none"

and the "the medical record does not support any"); *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) ("When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error." (citing *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004))).

The ALJ's discussion of the record evidence related to the RFC determination is thorough and well-reasoned. The ALJ described the Plaintiff's impairments and the record evidence to build a logical bridge to her factual findings. The Plaintiff's singular argument contesting the RFC determination based on Dr. Frappier's January 2023 letter is not well-taken for the reasons set forth above. And as noted in the Procedural Background, the Plaintiff did not file a reply brief to respond to the Defendant's arguments on this issue.

**B.     Listings 1.15 and 1.16**

At step three of the sequential analysis, the ALJ considered both Listings 1.15 and 1.16. For Listing 1.15 addressing disorders of the skeletal spine, the ALJ found that the Plaintiff does not meet or medically equal the severity of the required criteria because "the record does not establish evidence of comprise of the nerve root in a manner causing radicular symptoms of pain, paresthesia, or muscle fatigue along with signs of muscle weakness and irritation, tension, or compression." AR 13. The ALJ also found there was no required evidence of "the need for an assistive device requiring either the use of both hands or an inability to use one upper extremity for work-related activities, combined with the use of an assistive device in the other upper extremity." AR 14. For Listing 1.16 on lumbar spinal stenosis, the ALJ found that the Plaintiff does not meet or medically equal the severity of the required criteria because she did not show neurological compromise with symptoms of pain in one or both lower extremities, sensory loss in one or both lower extremities, or neurogenic claudication. *Id.* The ALJ also made the same finding as Lising 1.15 regarding the lack of evidence about the use of an assistive device. *Id.*

8

The Plaintiff argues that the ALJ erred by failing to acknowledge medical evidence that supported both Listings 1.15 and 1.16. In support, the Plaintiff cites numerous records demonstrating muscle fatigue and lack of reflex and loss of sensation, long-standing treatment for chronic pain, her testimony about weakness, and the need for a cane before surgery. *See* AR 54–55, 407, 415, 421–23, 435, 444, 458, 460, 527, 660, 663, 856–57. She also cites the September 11, 2023 MRI imaging ordered due to her low back pain and lumbar radiculopathy. AR 906. The Plaintiff criticizes the ALJ's analysis at step three for failing to address the medical evidence that supported certain elements of the Listing, citing cases requiring the ALJ to discuss the applicable listings by name and offer more than a "perfunctory" or "superficial" analysis of the listing. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) ("[A]n ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing."); *Rice*, 384 F.3d at 370 ("[W]here an ALJ omits reference to the applicable listing and provides nothing more than a superficial analysis, reversal and remand is required.").

However, as argued by the Defendant, the Seventh Circuit Court of Appeals has repeatedly held that an ALJ's decision must be read as a whole and that the articulation requirement at step three can be minimal if the remainder of the sequential analysis covers the breadth and substance of a claimant's abilities. *See Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021) (explaining that the sequential evaluation process is "not so rigidly compartmentalized" and reversing the magistrate judge's decision for failing to consider how discussion later in the ALJ's decision supported the ALJ's conclusion at step three); *Jeske v. Saul*, 955 F.3d 583, 590 (7th Cir. 2020) ("[W]hen an ALJ explains how the evidence reveals a claimant's functional capacity, that discussion may doubly explain how the evidence shows the claimant's impairment is not presumptively disabling under the pertinent listing."); *Curvin v.*

*Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (finding the step-three discussion sufficient because the ALJ's analysis in determining the claimant's RFC "provide[ed] the necessary detail to review the ALJ's step 3 determination in a meaningful way" and commenting that "[t]o require the ALJ to repeat such a discussion throughout his decision would be redundant" (citing *Rice*, 384 F.3d at 370 n.5)).

Similarly, the Social Security Rulings provide that "the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." SSR 17-2p, 2017 WL 3928306, at *4 (Mar. 27, 2017). And, "[a]n adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3." *Id.*

The Plaintiff bears the burden at step three of proving that her impairments satisfy or are equal in severity to each element of the diagnostic description of a listed impairment. 20 C.F.R. § 404.1512(a); *Knox v. Astrue*, 327 F. App'x 652, 655 (7th Cir. 2009); *Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012) ("Filus had the burden of establishing that he met all of the requirements of a listed impairment."); *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999) ("The claimant bears the burden of proving his condition meets or equals a listed impairment."). Importantly, an "impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530. The Defendant correctly notes that the string of evidence cited by the Plaintiff to show that some aspects of the Listings are met is evidence that

pre-dates her November 2023 surgery to correct those very issues, including the MRI. *See* AR 906–07, 935–37.

Even if the medical evidence pre-dating her corrective surgery was sufficient to meet some elements of Listings 1.15 and 1.16, the Plaintiff has the burden of presenting medical findings that match or equal in severity "all the criteria specified by the listing." *Knox*, 327 F. App'x at 655. The Defendant correctly notes that the Plaintiff has offered no evidence of radicular distribution of pain, paresthesia, or muscle fatigue required by Listing 1.15 or non-radicular distribution of pain, sensory loss, or neurogenic claudication required by Listing 1.16. In addition, paragraph D of both Listings requires, as relevant here, either a documented medical need for "a walker, bilateral canes, or bilateral crutches"; "[a]n inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity"; or "[a]n inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements"—in other words, an ambulatory aid that creates an inability to effectively use both upper extremities. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 1.15D and 1.16D. The ALJ specifically noted the lack of evidence to satisfy the ambulatory aid requirement. In her opening brief, the Plaintiff only offered her testimony that she needed a cane prior to surgery. *See* AR 55. This is insufficient to meet the requirements of paragraph D of "a documented medical need" for a "one-handed hand-held assistive device that also requires the use of one's other upper extremity." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 1.15D and 1.16D.

In her opening brief, the Plaintiff provided a thorough discussion of *Ezell A. v. Kijakazi*, 1:20-CV-1993, 2021 WL 4304650 (S.D. Ind. Sept. 22, 2021), where the court remanded because the ALJ's step three analysis was perfunctory and underdeveloped. However, as noted by the Defendant, the reliance is misplaced because, in *Ezell*, it was unclear from the ALJ's analysis whether the claimant's "rare and complex" digestive issues were appropriately considered under the listings. *Id.* at *3. There was no indication that an entire section of the applicable digestive listing was unsatisfied, unlike in this case where the applicable listings are unsatisfied as discussed above. In addition, there was no indication in *Ezell* whether the state agency medical consultants at both the initial and reconsideration levels had considered the appropriate listings. *Id.* at *4. Here, both state agency consultants indicated their consideration of Listing 1.15. AR 113, 123.

Finally, the Plaintiff argues that a medical expert was necessary to evaluate new evidence regarding her surgery. Indeed, "an ALJ may not play doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (cleaned up); *Akin v. Berryhill*, 887 F.3d 314, 317–18 (7th Cir. 2018) (finding that the "ALJ was not qualified to conclude that the MRI results were 'consistent' with [the ALJ's] assessment"). But the regulations require an ALJ to seek updated evidence only in limited circumstances—usually when the available evidence is insufficient to allow an adjudicator to make a decision or when the evidence is ambiguous. *See* 20 C.F.R. § 404.1520b(b). Here, there is no such insufficiency or ambiguity. The Plaintiff has not identified evidence to show that her impairments were disabling or that she is more limited than the ALJ found. Again, the Plaintiff did not file a reply brief to respond to the Defendant's arguments in support of the ALJ's step three determination.

## CONCLUSION

For the reasons stated above, the Court DENIES the relief sought in the Plaintiff's Brief [ECF No. 12] and AFFIRMS the decision of the Commissioner of the Social Security Administration. The Court DIRECTS the Clerk of Court to ENTER JUDGMENT against the Plaintiff Leslie Anne Ingalsbe and in favor of the Commissioner of Social Security.

SO ORDERED on December 22, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT